UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE TOPLEAN, | No. 2:23-cv-00510 DJC AC PS |
| Plaintiff, | |
| v. | <u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |
| WILLIAM W. KIRBY, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. <u>See</u> 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

1 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as
2 stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. THE COMPLAINT

The complaint is styled as a "petition for writ of habeas corpus by a non-prisoner" but is "an appeal from a judgment of the Superior Court for the County of Placer in a civil matter regarding sale of Petitioners property to respondent William Kirby." ECF No. 1 at 1. Attached are documents from the underlying state court action which indicate that in a civil lawsuit, default judgment was entered against plaintiff on September 1, 2020. ECF No. 1 at 36. The default judgment was affirmed by the Court of Appeal of the State of California, Third Appellate District (ECF NO. 1 at 44) and the Supreme Court of California denied plaintiff's petition for writ of mandate. Id. at 49.

## III. ANALYSIS

The complaint cannot proceed because it is barred by the Rooker-Feldman doctrine; the Federal District Court does not operate as a court of appeals for state court judgments. The Rooker-Feldman doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman

1  analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff
2  "complains of a legal wrong allegedly committed by the state court, and seeks relief from the
3  judgment of that court." Noel, 341 F.3d at 1163.
4      Here, plaintiff states on the face of his complaint that this is "an appeal from a Judgment
5  of the Superior Court." Plaintiff is expressly asking this court to "review the final determinations
6  of a state court in judicial proceedings," which is at the core of Rooker-Feldman's prohibition. In
7  re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000). Accordingly, plaintiff's action constitutes an
8  attempt at a direct appeal of a state court decision to federal court, and the court lacks subject
9  matter jurisdiction to hear the case. For this reason, the undersigned recommends the complaint
10  be dismissed.

### IV. PRO SE PLAITNIFF'S SUMMARY

12      It is being recommended that your case be dismissed because you cannot appeal the
13  default judgment issued in state court to federal court. The federal court generally does not
14  operate as an appeals court for state court orders.

### V. CONCLUSION

16      In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to
17  proceed in forma pauperis (ECF No. 2), is GRANTED.
18      Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should
19  be DISMISSED with prejudice.
20      These findings and recommendations are submitted to the United States District Judge
21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
22  after being served with these findings and recommendations, plaintiff may file written objections
23  with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings
24  and Recommendations." Plaintiff is advised that failure to file objections within the specified
25  ////
26  ////
27  ////
28  ////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: April 24, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE